IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                Plaintiff,                 OPINION AND ORDER

   v.

                                              15-cv-621-wmc

APPLE, INC.,

                Defendant.

---

Plaintiff Wisconsin Alumni Research Foundation ("WARF") filed this new patent lawsuit against defendant Apple, Inc., on the eve of trial in a lawsuit between the same parties involving the same patent over earlier versions of technology that are alleged to infringe here. *Wisconsin Alumni Research Foundation v. Apple, Inc.,* No. 14-cv-62-wmc (W.D. Wis.) ("*WARF I*"). Specifically, in this lawsuit, WARF alleges that Apple's A9 and A9X processors infringe U.S. Patent No. 5,781,752. The court has already entered judgment in *WARF I*, but there are a number of post-judgment motions that have only recently come under advisement. Not surprisingly given the stakes, unless the court rules in Apple's favor on those post-judgment motions, Apple has stated that it expects to appeal the judgment to the U.S. Court of Appeals for the Federal Circuit. For the same reason, if the court were to rule in Apple's favor, presumably WARF would appeal that decision.

Before the court is Apple's motion to stay this case pending a final resolution of *WARF I*. (Dkt. #20.) The court would ordinarily be reticent to grant such a request, recognizing that (1) the final resolution of the prior lawsuit may well preclude certain of Apple's defenses and counterclaims here regardless of the pending post-judgment motions

and likely appeal; and (2) WARF's interest as plaintiff in resolving this lawsuit as expeditiously as possible. Countervailing either consideration, however, the court also recognizes issues still awaiting final resolution in *WARF I*, which after all appears only materially different with respect to the version of the accused Apple processor in use, and the likelihood that any relief granted is likely to be in the form of monetary, rather than injunctive, relief. Therefore, a partial stay pending guidance from the Federal Circuit could further judicial efficiency. Accordingly, the court will stay all deadlines in this lawsuit, except the February 8, 2106, deadline for establishing standing, and will strike the trial date pending a resolution of the *WARF I* appeal. During the period of the stay, however, the parties may conduct liability and damages discovery relating to Apple's A9 and A9X processors to the extent the initial discovery contemplated in the preliminary pretrial conference order has not been completed, or either party believed additional discovery at this time would be beneficial. Upon resolution of the *WARF I* appeal, the parties should anticipate the court's adoption of an expedited schedule with respect to dispositive motions and trial.

OPINION

In balancing the interests favoring a stay against those frustrated by one, courts often consider:

> (1) Whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

2

*Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted).

As for the first factor, this case is at least superficially in its early stages, with the preliminary pretrial conference held three weeks ago. Of course, WARF rightly points out that this case is further along given the *WARF I* litigation. No doubt, that litigation factors heavily into this case, indeed it is *the reason* Apple seeks a stay. Still, at least absent a wholesale reversal by the Federal Circuit, the parties will need to conduct discovery on Apple's newest processors (the subject of this lawsuit), enlist experts to draft reports, file dispositive motions, and perhaps try this new case. In fairness however, a final judgment in *WARF I* will likely have preclusive effect. Regardless, there is still significant work that will need to be done in this lawsuit and, therefore, the court views Apple's request for a stay as one occurring at the early stages of this litigation.

As for the second factor -- prejudice to WARF -- Apple's concession that "all accused A9 and A9X products should be included in any ongoing royalty and supplemental damages awards in *WARF I*" goes a long way to ameliorate prejudice to WARF in delaying adjudication of this lawsuit.[1] Furthermore, as Apple also points out, the '752 patent is set to expire on December 26, 2016. Even if this court were to deny a stay, the case would not reach trial before that date. Accordingly, absent a preliminary

---

[1] WARF also mentions the A10 and A10X processor, but these processors are not mentioned in its present complaint, and the court is disinclined to speculate about future products in determining whether a stay is appropriate now. Still, should WARF formally seek to amend its complaint to include these other processors, the court would consider ordering further discovery at that time.

injunction -- which WARF did not seek in the prior litigation, and for good reason -- WARF's remedy will be limited to damages.

As for the third factor -- whether a stay will simplify the issues in this case -- WARF argues that issues will not be streamlined because the final judgment in this case carries preclusive effect. To say the least, this is an odd argument for WARF to be making. While a Federal Circuit decision affirming in whole, reversing in part or even vacating this court's judgment in *WARF I* may not necessarily resolve all issues in the present litigation, it is almost certain to have important implications as to what additional work is required, and notwithstanding their inability to reach any settlement to date, or their respective willingness to an out-of-court resolution. For example, the Federal Circuit's consideration on appeal in *WARF I* of this court's orders with regard to claims construction, summary judgment, *Daubert* challenges and other evidentiary rulings at trial will almost certainly streamline the resolution of those same issues in this lawsuit.

Fourth and finally, because of the likely impact the Federal Circuit decision in *WARF I* will have on this litigation, a stay will reduce the burden on this court and likely on the parties. Even assuming that the prior litigation carries preclusive effect on most of these issues in this litigation, it makes no sense for this court to devote resources to deciding motions on the same issues without the benefit of guidance from the Federal Circuit.

Weighing all of these considerations, the court finds at least a partial stay appropriate.[2] While the court will stay the deadlines for claims construction and summary judgment motions, and other pre-trial filings and will strike the trial deadline, the court sees no reason to stay discovery on the technology underlying the A9 and A9X processors, nor on the facts that may underlie WARF's claim, assuming this court's judgment is upheld. On the contrary, this strikes the court as a fair balance to the extent WARF as plaintiff may wish to pursue its new lawsuit as far as possible while both sides and this court await guidance from the Federal Circuit. Once the appeal in *WARF I* is completed, the court will place this case on a fast track to final resolution.

ORDER

IT IS ORDERED that:

1) defendant Apple, Inc.'s motion to stay (dkt. #20) is GRANTED;

2) all deadlines in the pretrial conference order, except WARF's deadline for establishing standing, and the trial date are STRUCK;

3) the parties are free to conduct discovery on the A9 and A9X processors while the stay is in place.

Entered this 5th day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] The court also will cancel the March 1, 2016, status conference, though if either party believes it would be beneficial, it may inform the court in writing and ask that it be rescheduled.